UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

LARRY JACOBSON, as Chairman of the Joint
Board of the Electrical Industry,

                        Plaintiff,

    - v. -

UNIVERSAL ELECTRIC CORP.,

                        Defendant.

----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
AUG 5 2005
P.M. _____
TIME A.M. _____

Civil Action No.
05-CV-2493
(CBA) (SMG)

## DEFAULT JUDGMENT

This action having been commenced on May 23, 2005 by the filing of the Summons and Complaint; a copy of the Summons and Complaint having been served on Universal Electric Corp.,(the "Company") by personal service on May 2, 2005; proof of service having been filed with the Court on June 15, 2005, said Defendant not having answered the Complaint; and the time for answering the Complaint having expired; said Defendant's default having been entered; said default being willful because of the failure of Defendant to answer, prejudicial to the Plaintiff in light of the statutory policy favoring the efficacious resolution of collection actions by employee benefit funds under ERISA; and the Defendant's lacking a meritorious defense;

NOW, upon application of Plaintiff and upon the accompanying Statement of Amounts Due and the Declaration of David Hock submitted pursuant to Local Rule 55.2 setting forth the amounts that the Defendant is indebted to Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that

00076927.DOC.1

Defendant Universal Electric Corp., is liable and shall pay the amount of $7,769.01 in damages to Plaintiff, which amount represents the unpaid contributions and delinquencies of the Company, together with interest, liquidated damages, and attorneys' fees and costs as required under section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), as follows:

- a. $4,929.90 in audit deficiencies for the audit completed on or about September 15, 2004; and
- b. $665.54 in interest accrued through July 6, 2005; and
- c. $665.54 in additional interest equal to interest on the unpaid contributions; and
- d. $1,665.53 in attorneys' fees and costs for the prosecution of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall submit, within ten days after service of a copy of this Order upon the Company, weekly payroll reports to Plaintiff for all payroll weeks for which such reports have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall pay to the Plaintiff, within ten days after service of a copy of this Order upon the Company, all contributions determined to be due pursuant to the CBA for all weeks that are unpaid as of the date judgment is entered and thereafter; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment shall be without prejudice to the right of Plaintiff to audit the books and records of the Company for any time period and to collect any contributions found to be due and owing as a result of any such audit.

SO ORDERED.

Dated: August 4, 2005
Brooklyn, New York

HON. CAROL B. AMON
U.S.D.J.